CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 10, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RODERICK W. McDOWELL,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00569 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHADWICK DOTSON, DIRECTOR,** ) | JUDGE JAMES P. JONES |
| **VIRGINIA DEPARTMENT OF** ) | |
| **CORRECTIONS,** ) | |
| ) | |
| Defendant. ) | |

*Jennifer L. Givens*, THE INNOCENCE PROJECT AT THE UNIVERSITY OF VIRGINIA, School of Law, Charlottesville, Virginia, for Petitioner; *Aaron J. Campbell*, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.

Petitioner Roderick W. McDowell is currently serving a 60-year prison sentence after convictions in a Virginia court for robbery and murder. His present counsel, Ms. Givens, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, in which it is asserted that his convictions must set aside. The respondent has filed a Motion to Dismiss, arguing, among other things, that most of the present § 2254 claims must be dismissed on grounds of procedural default, namely that while asserted in an unsuccessful habeas petition filed in the state trial

court, the claims were not raised in an unsuccessful appeal to the Supreme Court of Virginia, and thus are defaulted.

Both in the initial petition and in the response to the Motion to Dismiss, it is argued on McDowell's behalf that any such procedural defaults are overcome by McDowell's actual innocence in accord with *Schlup v. Delo*, 513 U.S. 298, 320 (1995). In addition, it is also suggested in the response that any default would be overcome by a showing that state habeas counsel was ineffective. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).[1]

Ms. Givens was McDowell's lawyer in his state habeas proceeding and in connection with her response to the Motion to Dismiss, she has separately filed on McDowell's behalf a motion seeking appointment of independent counsel to investigate and present the argument that Ms. Givens was ineffective during those proceedings. The respondent has not objected to the motion.

Under Fourth Circuit precedent, in some circumstances I am required to appoint independent counsel if there are potential *Martinez* ineffective counsel

---

[1] *Martinez* held that

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668 (1984).

*Id.*

claims. *Juniper v. Davis,* 737 F.3d 288, 290 (4th Cir. 2013)*; Cf. Fowler v. Joyner,* 753 F.3d 446, 462 (4th Cir. 2014). However, because Ms. Givens would not be conflicted as to the actual innocence claim, I intend to proceed with that issue first, before considering the necessity of appointing so-called "*Martinez* counsel."

In accord with the foregoing, it is **ORDERED** as follows:

1. Chadwick Dotson, Director of the Virginia Department of Corrections since September 8, 2023, is hereby SUBSTITUTED as respondent in this action, pursuant to Fed. R. Civ. P. 25(d);

2. Petitioner's Motions for Leave to Proceed in Forma Pauperis, ECF Nos. 22, 23, and 24, considered jointly, are GRANTED;

3. Petitioner's Motion to Appoint Independent Counsel, ECF No. 18, is DENIED at this time, subject to being renewed if warranted once I have resolved the Motion to Dismiss and the responses filed by the petitioner's current counsel. In the event I determine that the petitioner is not entitled to relief on any non-defaulted claim and that his actual innocence defense to default is without merit, I will allow further development of arguments under *Martinez*; and

4. Counsel are directed to submit a courtesy hard copy to chambers of any pleading that exceeds 50 pages, including exhibits, and to submit

hard copies of any prior such filings within 14 days of this Opinion and Order.

                DATED: June 10, 2024

                /s/ James P. Jones
                Senior United States District Judge